UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM PHELPS                                                                                              PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:15-CV-00458-CRS

UPS GROUND FREIGHT, INC.                                                                      DEFENDANT

### MEMORANDUM OPINION

The plaintiff, William Phelps, moves this Court to remand this action to Jefferson Circuit Court. Phelps also asks this Court to award attorney's fees for improper removal. The Defendant, UPS Ground Freight ("UPS"), opposes remand.

For the reasons below, the Court will grant Phelps' motion to remand. The Court will deny Phelps' motion for an award of attorney's fees.

### Remand

Under federal law, the sum pleaded in the complaint in good faith shall be the amount in controversy. 28 U.S.C. § 1446(c). However, the notice of removal may assert the amount in controversy if the state procedure prohibits the plaintiff from demanding a specific sum in the complaint. *Id.* § 1446(c)(2)(A) – (B). In that instance, removal is proper if this Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* The Court determines whether federal diversity jurisdiction existed at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

Under the Kentucky Rules of Civil Procedure, a plaintiff cannot plead a sum for damages, but must allege that damages exceed the minimum jurisdictional amount. Ky. R. Civ.

P. 8.01.  The Kentucky Rules also permit a plaintiff to recover the amount it "is entitled, even if the party has not demanded such relief in its pleadings."  Ky. R. Civ. P. 54.03.

Given Kentucky's procedural rules, a plaintiff may offer a post-removal stipulation that clarifies the relief sought, but the plaintiff cannot offer a stipulation that reduces or changes the demand for relief to avoid federal jurisdiction.  *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774,776 (W.D. Ky. 2002).  A post-removal stipulation destroys diversity jurisdiction only if the plaintiff provides "an unequivocal statement and stipulation limiting damages."  *Id.* at 778.  The plaintiff must stipulate to limiting the amount of the potential judgment: "To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand."  *Id.*; *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013).

In *Egan*, the district court denied Egan's motion to remand because the stipulation was "less than unequivocal" as "neither the affidavit nor the complaint limit[ed] the amount of a potential judgment."  *Egan*, 237 F. Supp. 2d at 778.  In *Spence*, the district court granted the Spence's motion to remand because the plaintiff "stipulated that he will neither seek nor accept money in excess of the jurisdictional amount."  931 F. Supp. 2d at 782.  Thus, "[a] plain reading of the stipulation leaves Plaintiff no room to escape the bounds of its restrictions."  *Id.*

Here, Phelps stipulates that he "will not seek or accept damages in excess of $75,000.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief."  Stipulation, ECF No. 8-1.  Phelps' stipulation is unequivocal because he stipulated that he will neither seek nor accept money in excess of the jurisdictional amount.  *See Spence*, 931 F. Supp. 2d at 782.  As Phelps has provided an unequivocal statement and stipulation limiting damages, his post-removal stipulation destroys the Court's federal diversity jurisdiction.  *See Egan*, 237 F. Supp. 2d at 778.

The Court remains concerned that a party may use a stipulation as a "ploy" to return to state court. *Spence*, 931 F. Supp. 2d at 782. Phelps says he "has no intention of later extricating himself from the Stipulation he has filed in this case, and is aware that by doing so, is cause for sanctions." Pl.'s Reply 3, ECF No. 11. Indeed, Phelps has no choice but to be bound to his stipulation. *See Spence*, 931 F. Supp. 2d at 782. The Court will deal with any attempt to void his commitment "with the utmost severity." *Van Etten v. Bos. Sci. Corp.*, 3:09 – CV – 442, 2009 WL 3485909, at *1, *2 (W.D. Ky. Oct. 23, 2009).

The Court will grant Phelps' motion to remand to Jefferson Circuit Court.

### Attorney's fees

Phelps asks this Court to "award all just costs and expenses and Plaintiff's reasonable attorney fees incurred as a result of Defendant's improper removal." Pl.'s Mot. Remand 2, ECF No. 8.

The Court "may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1332. The Supreme Court interpreted this statute holding, "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

UPS had an objectively reasonable basis for removal. Phelps brought disability discrimination claims for failure to accommodate and wrongful discharge. Compl. ¶¶ 23, 27. Phelps also seeks compensatory damages and punitive damages. *Id.* at 4. It is objectively reasonable for UPS have argued that the amount in controversy exceeded the jurisdictional minimum. Phelps does not argue that "unusual circumstances" apply. Therefore, this Court will not award attorney's fees.

The Court will deny Phelps' motion to award attorney's fees.

## Conclusion

For the reasons above, the Court will grant Phelps' motion to remand. The Court will deny Phelps' motion for an award of attorney's fees.

The Court will enter an order in accordance with this opinion this date.

October 30, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**